MR. JUSTICE WEBER,
specially concurring:
While I concur in the majority opinion, I emphasize the strange requirement for married persons as distinguished from unmarried persons under Section 70-20-106, MCA.
Generally, acknowledgment of an instrument is required only as a prerequisite to recording of the instrument, Section 70-21-203, MCA. However, Section 70-20-106, MCA, makes these general rules inapplicable to married persons based upon historical assumptions which are no longer valid.
At common law, conveyances by married women were void *232 for lack of contractual capacity. Ill American Law of Property § 12.73, p 338, (1982). The only method of alienation of a married woman’s title was apparently by the judicial proceedings known as “fine” and “common recovery.” Id.
However, this incapacity to contract was to a limited extent removed by statutes in various jurisdictions which allowed conveyance by married women under specified conditions:
“A number of states require that the acknowledgment of a married woman, whether as to her own property or of her dower rights in her husband’s property, be taken separately from her husband. These statutes are intended for the protection of married women against the undue influence of their husbands based on the old fable that the male is dominant. In a conveyance of land by a married woman, her acknowledgment, under such statutes, is an essential part of the execution. Unless her deed is acknowledged substantially in the mode prescribed by statute, it is absolutely void .... Such [acknowledgment] procedure is judicial in nature and designed as a substitute for the proceedings at common law by fine and recovery. When the certificate shows that a married woman was examined apart from her husband, and that the officer explained to her the import and effect of the deed, and she declared that she freely and voluntarily executed it and acknowledged it was her act and deed, the purpose of the law is attained . ...” 7 Thompson on Real Property § 3310, pp. 564-566 (1962) (Footnotes omitted.)
Beyond seeking protection of the married woman’s interest, such acknowledgment proceedings were also intended to secure a “sure, indefeasible, and unquestionable transfer of her rights.” 1 C.J.S. Acknowledgments § 80.
In Montana this acknowledgment requirement for married women was applied for many years until it was modified in 19875 so as to apply to all married persons. That amendment was part of a general revision of Montana statutes designed to eliminate sexual discrimination. After amend *233 ment, the statute was identical except that it applies to a “married person” rather than a “married woman.”
The acknowledgment requirement originally enacted for a married woman was based upon some presumed incapacity on her part. Because of that faulty foundation, the statute should have been repealed. Unfortunately it has now been extended so that there is a presumed incapacity as to both married men and women.
The effect of the statute is to invalidate an unacknowledged conveyance by a married person. No such rule is applied to single persons. I believe this to be a proper area for legislative review.